UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 8:24-cr-429-CEH-CPT

WIESLAW ROBERT RUTA and
PIOTR MAREK ADAMCZYK

## <u>COURT'S INSTRUCTIONS TO THE JURY</u>
### B1
### Face Page - Introduction

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding

this case. After I've completed these instructions, you will go to the jury room and

begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts

necessary to find the Defendants guilty beyond a reasonable doubt.

1

**B2.2**
**The Duty to Follow Instructions and the Presumption of Innocence**
**When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**B4**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

5

**Basic-Witnesses**

The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

However, in judging the credibility of the witnesses who have testified, and in considering the weight and effect of all evidence that has been produced, the jury may consider the prosecution's failure to call other witnesses or to produce other evidence shown by the evidence in the case to be in existence and available.

The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inferences may be drawn from his failure to do so.

**B 8.1**
**Conjunctively Charged Counts**

In these charges, the Court has reviewed the pertinent parts of the federal statutes which are alleged to have been violated. Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, that is, by using the word "and;" therefore, if only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as the jury agrees unanimously as to at least one of the alternatives.

**B9.1A**
**Knowingly; Willfully – General**

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**B9.2**
**On or About a Particular Date**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**B8**
**Introduction to Offense Instructions**

The indictment charges two separate crimes, called "counts," against the Defendants. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants knowingly and willfully combined, conspired, and agreed with each other and others to distribute and to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States.

Count Two charges that the Defendants committed what is called a "substantive offense," specifically, knowingly and intentionally possessing with intent to distribute a controlled substance, a violation that involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. I will explain the law governing this substantive offense in a moment.

But first note that the Defendants are not charged in Count One with committing a substantive offense – they are charged with conspiring to commit that offense.

I will also give you specific instructions on conspiracy.

10

**O100**
**Conspiracy to Distribute and to Possess with the Intent to Distribute a Controlled Substance While Onboard a Vessel Subject to the Jurisdiction of the United States 46 U.S.C. §§ 70503(a) and 70506(a) and (b)**

It's a separate Federal crime for anyone to conspire to knowingly possess with intent to distribute cocaine onboard a vessel subject to the jurisdiction of the United States.

Title 46, United States Code, Section 70503(a) makes it a crime for anyone, while aboard a vessel subject to the jurisdiction of the United States, to knowingly possess cocaine with intent to distribute it.

I have determined and I instruct you as a matter of law that the vessel involved in this case is a vessel subject to the jurisdiction of the United States.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1) two or more people in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and

(3) the object of the unlawful plan was to possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

The Defendant is charged with conspiring to possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. But you may find the Defendant guilty of the crime even if the amount of the controlled substance for which he should be held responsible is less than five kilograms. So if you find the Defendant guilty, you must also find whether the Government has proved beyond a reasonable doubt the weight of the mixture and substance containing a detectable amount of cocaine that the defendant conspired to distribute or to possess with the intent to distribute was 5 kilograms or

12

more, 500 grams or more, or less than 500 grams. You must then specify your

unanimous weight determination on the verdict form that has been prepared for you.

## O117.1
## Possession with Intent to Distribute a Controlled Substance While Onboard a Vessel Subject to the Jurisdiction of the United States
## 46 U.S.C. § 70503(a) and 70506(a)

It's a Federal crime for anyone on board a vessel subject to the jurisdiction of the United States to knowingly or intentionally possess with intent to distribute a controlled substance.

Cocaine is a controlled substance within the meaning of the law.

I have determined and I instruct you as a matter of law that the vessel involved in this case is a vessel subject to the jurisdiction of the United States.

The Defendant can be found guilty of this crime only if each of the following facts is proved beyond a reasonable doubt:

(1) the Defendant knowingly possessed cocaine; and

(2) the Defendant intended to distribute the cocaine.

The Defendant "knowingly" possessed the controlled substance if (1) Defendant knew he possessed a substance listed on the federal schedules of controlled substances, even if the Defendant did not know the identity of the substances, or (2) the Defendant knew the identity of the substance he possessed, even if the Defendant did not know the substance was listed on the federal schedules of controlled substances.

To "possess with intent to distribute" means to knowingly have something while intending to deliver or transfer it to someone else, even with no financial interest in the transaction.

14

The Defendant is charged in the indictment with possessing with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine. But you may find the Defendant guilty of the offense even if the amount of the controlled substance for which he should be held responsible is less than five kilograms. So if you find the Defendant guilty, you must also find whether the Government has proved beyond a reasonable doubt the weight of the mixture and substance containing a detectable amount of cocaine that the defendant possessed with the intent to distribute was 5 kilograms or more, 500 grams or more, or less than 500 grams. You must then specify your unanimous weight determination on the verdict form that has been prepared for you.

**S6**
**Possession**

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

**S7**
**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

As to Count II, it's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

17

## S5
## Note-taking

You've been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## T4
## Role of the Interpreter

We seek a fair trial for all regardless of what language they speak. We have had interpreters assist us through these proceedings, and you should know what the interpreters can do and what they cannot do. Basically, the interpreters are only to help us communicate during the proceedings. They are not a party in the case, have no interest in the case, and have been completely neutral. Accordingly, they are not working for either party. The interpreters' sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in his language. Consider as evidence only what is provided by the interpreter in English. If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

**B10.4**
**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

20

## B11
## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

21

## B12
## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.