# Exhibit 1

## Model Jury Instruction for Subornation of Perjury

# MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS

## FOR THE DISTRICT COURTS OF THE NINTH CIRCUIT

Prepared by the
Ninth Circuit
Jury Instructions Committee

2022 Edition

*Last Updated June 2026*

### 24.15 Subornation of Perjury (18 U.S.C. § 1622)

The defendant is charged in [Count _______ of] the indictment with subornation of perjury in violation of Section 1622 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant voluntarily and intentionally persuaded [*name of witness*] to commit perjury;

Second, the defendant acted with the intent that [*name of witness*] would deceive the [court] [jury]; and

Third, [*name of witness*] committed perjury in that:

(a) [he] [she] testified under oath or affirmation at [*describe proceeding*] that [*specify alleged false testimony*];

(b) the testimony given was false[, with all of you agreeing at to which statement was false];

(c) at the time [*name of witness*] testified, [he] [she] knew the testimony was false; and

(d) the false testimony was material to the matter before the [court] [grand jury]; that is, the testimony had a natural tendency to influence, or was capable of influencing, the actions of [*specify, for example:* the grand jury].

**Comment**

*See* Comment to Instruction 24.14 (Perjury—Testimony).

The bracketed language in subpart (b) of the third element of this instruction should be given when the indictment charges that the defendant made more than one false statement. *See Vitello v. United States*, 425 F.2d 416, 423 (9th Cir. 1970). *See also* Instruction 6.27 (Specific Issue Unanimity).

Language in the instruction concerning corroboration is not required when a defendant is accused of a violation of 18 U.S.C. § 1623 but is required under 18 U.S.C. § 1621. *See* Instruction 24.14 (Perjury—Testimony).

The Supreme Court has held that materiality is a question of fact for the jury. *See Johnson v. United States*, 520 U.S. 461, 465-66 (1997) (discussing materiality of false statements in context of perjury). Accordingly, it is necessary to include materiality as an element of the offense in this instruction. The common law test for materiality in the false statement statutes, as reflected in the third element of this instruction, is the preferred formulation. *See United States v. Peterson,* 538 F.3d 1064, 1072 (9th Cir. 2008).

Because the jury must determine whether a statement is material under *Johnson*, the definition of materiality has been included in this instruction. *See United States v. McKenna*, 327 F.3d 830, 839 (9th Cir. 2003) (discussing materiality of false statements in context of perjury).

A perjury is an essential element of this offense. *See Catrino v. United States,* 176 F.2d 884, 886-87 (9th Cir. 1949). The use of "any perjury" in § 1622 evidences a Congressional intent that subornation of perjury is committed not only by one who procures another to commit perjury in violation of 18 U.S.C. § 1621, but also by one who procures another to make a false statement in violation of 18 U.S.C. § 1623. *See United States v. Gross,* 511 F.2d 910, 915-16 (3d Cir. 1975).

If the suborned testimony is in violation of 18 U.S.C. § 1621, the "two-witness" or "corroboration" rule applies. *See* Instruction 24.14 (Perjury—Testimony). Corroboration, however, is not required if the suborned testimony is in violation of 18 U.S.C. § 1623. *See* 18 U.S.C. § 1623(e); *Gross*, 511 F.2d at 915-16.

*Revised September 2025*