**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HONORABLE CHARLENE EDWARDS HONEYWELL**

**CLERK'S MINUTES**

| | |
|---|---|
| **CASE NO.:** 8:24-cr-429-CEH-CPT | **DATE:** August 26, 2026 |
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**WIESLAW ROBERT RUTA** | **GOVERNMENT'S COUNSEL:**<br>Joseph K. Ruddy, AUSA<br><br>**DEFENDANT'S COUNSEL:**<br>Wesley E. Trombley, CJA |
| **COURTROOM:** 13A | **INTERPRETER/LANGUAGE:**<br>Wojciech (Voitek) Sawa/Polish |
| **TIME:** 10:05 A.M. – 11:12 A.M. | **TOTAL:** 1 Hour, 7 Minutes |
| **PROBATION OFFICER:** John P. Pryor | **COURT REPORTER:** Sharon A. Miller |
| **DEPUTY CLERK:** Charmaine A. Black | |

**PROCEEDING: SENTENCING**

Court in session.

All parties are present in the courtroom, and counsel is identified for the record.

The Polish Interpreter is sworn.

Defendant is sworn.

On May 26, 2026, a jury found Defendant guilty of Count Two of the Indictment.

The Court has adjudged Defendant guilty of that offense.

Defendant objects to the following paragraphs of the PSR: Paragraphs 10 and 17 – The Offense Conduct; Paragraph 28 – Adjustment for Role in the Offense; and Paragraphs 22 and 29 – Adjustment for Obstruction of Justice.

The Court hears argument from counsel.

For the reasons stated on the record, Defendant's objections to Paragraphs 10, 17, and 28 are overruled. Defendant's objection to the obstruction of justice enhancement in Paragraphs 22 and 29 is sustained.

Defendant does not wish to make a statement to the Court.

The Court hears argument from counsel as to the appropriate sentence.

Defendant requests a downward variance.

The jury found Defendant not guilty as to Count One of the Indictment and was previously adjudicated not guilty of that Count.

For the reasons articulated on the record, the Court departs downward two (2) levels and sentences Defendant as follows:

Imprisonment: 151 months.

Supervised Release: 5 years [60 months].

Mandatory and standard conditions apply.

Special condition of supervision:

- If Defendant is deported, Defendant shall not re-enter the United States without the express permission of the appropriate governmental authority. The Court recognizes that Defendant is lawfully in the United States, as he was paroled here for the purpose of prosecution.

Having been convicted of a qualifying felony, Defendant must cooperate in the collection of DNA, as directed by the probation officer.

The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, Defendant must submit to random drug testing not to exceed 104 tests per year.

Fine: Waived.

Special Assessment: $100. This obligation is to be paid immediately.

Defendant is advised of his right to appeal and of the right to counsel on appeal.

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be incarcerated at the closest correctional facility with the appropriate security level to FCI Miami, as his first choice, or FCI Coleman, as his second choice.
- Defendant be allowed to take an English for Speakers of Other Languages (ESOL) class.
- Defendant be allowed to study for and obtain his GED.
- Defendant be allowed to participate in the UNICOR program.

Defendant is remanded to the custody of the United States Marshal to await designation by the Bureau of Prisons.

**GUIDELINE RANGE DETERMINED BY THE COURT AT SENTENCING:** *As adjusted.*

| | |
|---|---|
| Total Offense Level | 36 |
| Criminal History Category | I |
| Imprisonment Range | 188 months - 235 months |
| Supervised Release Range | 5 years |
| Restitution | N/A |
| Fine Range | $40,000 - $10,000,000 |
| Special Assessment | $100 |

Court adjourned.